## BRADBURY *vs.* TAYLOR & AL.

A deputy sheriff, having attached personal property on mesne process, delivered it to third persons, who stipulated to keep it safely, and to see it forthcoming within thirty days after judgment in the suit in which it was attached. Upon the rendition of judgment, the term of office of the sheriff, and therefore of his deputy, having expired, the execution was placed in the hands of the new sheriff for collection, who, within the thirty days, demanded the property of the deputy who had attached it. It was held that the deputy, being thus made liable to the attaching creditor, might maintain an action for the property, against the bailees; and that the new sheriff was a competent witness for the plaintiff in the action.

THE plaintiff in this case, while a deputy of Mr. *Balch,* late sheriff of this county, attached three oxen by virtue of a writ in his hands in favor of one *Sawyer,* against the defendant *Taylor* and one *Tuttle;* which he placed in the hands of *Taylor, Reding* and *Crosby,* the present defendants, for safe keeping; taking their receipt for the same; in which they promised to re-deliver the property to the officer, or his order, or to his successor in office on demand; and further agreed that a demand on one of them should be considered as binding on all, and that if no demand should be made they would re-deliver the oxen within thirty days after judgment in the suit in which they were attached, so that they might be taken in execution. When the execution was issued, Mr. *Balch,* and *Bradbury* his deputy, being no longer in office, it was delivered to Mr. *Bucknam,* the present sheriff of the county, for the purpose of demanding and receiving the property from *Bradbury.* To prove this demand, at the trial before the Chief Justice, the plaintiff's counsel offered sheriff *Bucknam* as a witness; who was objected to by the defendants, but the objection was overruled; and the witness testified that he demanded the property of the plaintiff, within thirty days after the judgment. There was no proof that the defendants knew in whose hands the execution had been placed for collection, nor that the receipt had ever been shown to the defendants after it was signed. It also appeared that *Sawyer* the creditor

had sued the late sheriff *Balch* for the neglect of *Bradbury* in not safely keeping the property by him attached ; after which the present action was commenced.

Upon the developement of these facts, a default was entered against the defendants, subject to the opinion of the court upon the question whether the witness was admissible ; and whether the action was maintainable with or without his testimony.

The opinion of the Court was read at the ensuing *November* term in *Cumberland,* as drawn up by

WESTON J. By the terms of the contract, the defendants were to re-deliver to the plaintiff the property entrusted to them, within thirty days after the rendition of judgment. One of the defendants was a party to that judgment, and must therefore have had notice of the time when it was rendered ; and notice to one of the defendants of this fact, would establish their liability, if there were no other objection.

But the principal question submitted to the court is, whether the plaintiff has sustained any real damage, on account of the failure of the defendants to fulfil their contract. And this depends upon his liability to the attaching creditor ; and he is liable to him, if the property attached was demanded of him within thirty days after judgment. This fact is proved, if the present sheriff was a competent witness at the trial. He was objected to on the ground of interest. The attaching creditor has a remedy upon the former sheriff, upon the plaintiff, his deputy, or upon the present sheriff ; and it is insisted that the latter is interested to sustain this action, that he may relieve himself from liability. If this were an action by the creditor against the former sheriff, or against the plaintiff, the witness would be interested ; for the creditor after realizing the amount of his judgment from either, could have no further claim. But let this cause terminate as it may, the creditor is at full liberty to bring his action against the witness ; and he could derive no protection whatever from this judgment ; nor could he avail himself of any fact established by it in his defence. He has nothing to gain by a judgment direct-

ly in favor of the plaintiff. If thereupon the plaintiff pays and satisfies the creditor, it will enure to the benefit of the witness ; but this is a consequence which may or may not follow from this judgment. If the creditor should choose to call upon the witness, he will still be bound to show that he has discharged his duty in relation to the execution. It does not appear to us therefore that he has any direct interest rendering him incompetent.

The court being of opinion that the testimony was competent and the action maintainable, the default is to stand, and judgment to be rendered thereon.